November 5, 1906.

————————o————————

No. 4034.

(Court of Appeal, Parish of Orleans.)

H. B. McGOVERN vs. ALBERT J. McGOVERN ET ALS.

1. The verity and reality of authentic sales can be assailed by the parties thereto and their privies in only two ways: By means of a counter letter and by answers to interrogatories on facts and articles.
2. Though the answers of a surviving husband may in law be viewed as equivalent to written evidence so far as adverse to his own interest, they are powerless to impair the rights of minors derived exclusively from their mother and aris-

28

ing from their inheritance of her interest in real estate registered as community property.

3. To hold otherwise would be to practically destroy the salutary provision of our law against proof of title to real estate by parol, to allow the surviving husband to absolutely control the community after the death of the wife, to impair the value of recorded deeds and to jeopardize the interests of minors.

Appeal from Civil District Court, Division D.

McCloskey & Benedict for plaintiff and appellant.

Robert H. Marr, Tutor ad hoc for minors.

Albert J. McGovern in proper person.

Dinkelspiel, Hart & Davey attorneys for Register of Conveyances.

DUFOUR, J. The petitioner alleges that on August 13th, 1897, he purported to sell by authentic act certain real estate to his brother Albert J. McGovern, that said alienation was in fact made as a matter of convenience only and that he is still the lawful owner of the property.

He further alleges that at the time his brother was living in community with his wife who died on December 27th, 1897, leaving two minor children to whom an apparent interest in the property attached.

He brings this suit to recover the property asking that a tutor *ad hoc* be appointed to represent the minors and propounding interrogatories on facts and articles to Albert McGovern.

The tutor ad hoc was appointed and tendered the general issue, and Albert McGovern in his answers to the interrogatories said:

"I did not pay any part or portion of the (purchase price) $900.00, nor did any one else; the sale was made and the property put in my name as a matter of convenience only, and I signed the deed at my brother's request to assist him. I have not now, nor have I ever had any right, title or interest in or to the property."

From a judgment recognizing him as owner in indivision of one-half of the property, but rejecting as of non-suit his demand against the minors, the plaintiff has appealed.

Our jurisprudence is to the effect that the verity and reality of authentic sales can be assailed by the parties thereto and their privies in only two ways: By means of a counterletter and its equivalent answers to interrogatories on facts and articles.

36 An. 102, 42 An 738.

In this instance the minors are not privies of their father from whom they derive nothing, their apparent ownership is the result of inheritance from their mother of her share of the property standing on the public records as community property at the time of her death.

Though the father's answers may in law be viewed as equivalent to written evidence so far as adverse to his own interest, they are powerless to affect the rights of the minors derived exclusively from their mother.

To hold otherwise would be to practically destroy the salutary provision of our law against proof of title to real estate by parol, to allow the surviving husband to absolutely control the community after the death of his wife, to impair the value of recorded deeds and to jeopardize the interests of minors.

Judgment affirmed.

November 5, 1906.

Rehearing refused December 3, 1906.

Writ refused by Supreme Court, January 11, 1907.

———o———